Appeal No.: 1:22-cv-01884-SAG

*BALTIMORE-NIGHT BOX*
*2022 SEP 22  PM 6: 27*
*U.S. BANKRUPTCY COURT*
*DISTRICT OF MARYLAND*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

*FILED*
*LODGED*
*ENTERED*
*RECEIVED*
*SEP 2 2 2022*
*CLERK U.S. DISTRICT COURT*
*DISTRICT OF MARYLAND*
*NIGHT DROP BOX*

In Re:  RENEE MCCRAY

    Debtor

Renee L. McCray

    Appellant,

v.

**FEDERAL HOME LOAN MORTGAGE CORPORATION**

    Appellee

---

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Bankruptcy Case No.: 22-13191-NVA**

---

**BRIEF OF APPELLANT RENEE L. MCCRAY**

Renee L. McCray
109 North Edgewood Street
Baltimore, MD  21229
(410) 945-2424
Appellant

# TABLE OF CONTENTS

Page

STATEMENT OF APPELLATE JURISDICTION.................................. 1

STATEMENT OF THE ISSUES PRESENTED........................................ 1

STATEMENT OF FACTS................................................................. 1

ARGUMENT

I.   The Bankruptcy Court Erred and/or Abused Its Discretion By
     Granting the Relief from Stay to FHLMC Who Was Not a Party
     with Standing to file the Motion for Relief from Stay.............................. 3

II.  The Bankruptcy Court Erred and Abused Its Discretion by
     Granting the Relief from Stay to FHLMC After FHLMC
     Conceded to the Evidence Presented by the Appellant........................... 7

     Fraud on the Court...................................................................... 8

CONCLUSION............................................................................ 11

# TABLE OF AUTHORITIES

## Cases

*Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983)........................... 10

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)................ 9

*Hicks v. Gilbert*, 135 Md. App. 394, 400, 762 A.2d 986, 989=90 (2000)......... 11

*Hlista*, 239 Md. at 48, 210 A.2d at 156................................................. 11

*H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d
1115, 1119 (6th Cir. 1976)................................................................. 10

*In re Denny*, 242 B.R. 593................................................................ 2

*In re DeSouza*, 135 B.R. 793 (Bankr. D. Md. 1991)..................................... 2

*In re May*............................................................................... 2

*In re Roussos*, 541 B.R. 721, 728-29 (Bankr. C.D. Cal. 2015)........................ 10

*In re Tri-Cran, Inc.*, 98 B.R. 609, 616 (Bankr. D. Mass. 1989)...................... 10

*Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278
F.2d 798, 801 (2d Cir. 1960)....................................................... 10

*National Organization for Woman, Inc. v. Scheidler*, 510
U.S. 249, 114 S. Ct. 798, 802 (1994)............................................... 3

*Saratoga County Chamber of Commerce, Inc. v. Pataki*, 100
NY2d 801 812 [2003], cert denied 540 US 1017 (2003)....................... ........... 4

## Statutes, Rules and Other Authorities

11 U.S.C. § 362...................................................................... 3

Federal Rule of Civil Procedure 60.................................................. 10

Federal Rule of Civil Procedure 60(d)(3)............................................ 10

## STATEMENT OF APPELLATE JURISDICTION

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a), which provides in pertinent part:

> The district court of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

## STATEMENT OF ISSUES PRESENTED

This case presents the following issues of whether the United States Bankruptcy Court erred and/or abused its discretion:

1.  Did the Bankruptcy Court err and/or abused its discretion granting the relief from stay once the Appellant provided unrefuted material and genuine fact evidence that Federal Home Loan Mortgage Corporation was not a creditor in the bankruptcy proceeding.

2.  Did the Bankruptcy Court err and/or abused its discretion by not requesting FHLMC to prove its standing, once the Appellant presented unrefuted evidence that FHLMC was not entitled to be granted the relief from stay in the bankruptcy proceeding.

3.  Did the Bankruptcy Court err and/or abused its discretion by granting FHLMC the relief from stay, after FHLMC acquiesced and conceded to the evidence the Appellant presented, allowing FHLMC and its attorneys to bring fraud upon the bankruptcy court.

## STATEMENT OF FACTS

On June 10, 2022, the Appellant was forced to file a Chapter 7 bankruptcy proceeding with the United States Bankruptcy Court for the District of Maryland, in order to stop Federal Home Loan Mortgage Corporation (hereinafter FHLMC) from unlawfully

dispossessing the Appellant of her property, and to discharge verified debt. On June 15, 2022, FHLMC through its attorney, Mark D. Meyer, filed a Motion for Relief from Stay (see Doc. 10). On June 29, 2022, the Appellant filed an Opposition to the Motion for Relief from Stay (see Doc. 22). In the Appellant's Opposition, the Appellant provided unrefuted evidence that FHLMC was not a creditor, in order to be granted the relief from stay (see Doc. 22, Exhibit F). Also, in the Appellant's Opposition in the **WHEREFORE** clause on pg. 8, the Appellant Moved the Bankruptcy Court for an evidentiary hearing for FHLMC "*to finally provide genuine fact evidence of their lawful right as a creditor with 100% enforcement rights to the Respondent's 2005 Note and Deed, in order to be granted the relief from stay.*" FHLMC did not file a response/reply, nor did FHLMC refute any of the assertions in the Appellant's Opposition to its motion.

On July 21, 2022 at the bankruptcy hearing, FHLMC filed documents from the state foreclosure action in their motion for relief from stay and cited, In Re: May, In Re: Denny and In Re: DeSouza, alleging to be the purchaser of the Appellant's property with standing to file the Motion for Relief from Stay. However, the Appellant's unrefuted evidence which FHLMC conceded to, proved FHLMC was not the purchaser of the Appellant's property and not a creditor in the bankruptcy case, in order to have been granted the relief from stay. The bankruptcy court ignored and disregarded the Appellant's unrefuted evidence and granted FHLMC the relief from stay (see Hearing Transcript).

On August 1, 2022, the bankruptcy court entered its Order written by Mark Meyer, the attorney for FHLMC which stated, "...the automatic stay...is hereby, terminated to enable the Federal Home Loan Mortgage Corporation, its successors and/or assigns, to proceed in state court...to obtain possession of the real property..." The Appellant provided the Bankruptcy Court unrefuted evidence in her Opposition to the motion for relief from stay, and at the bankruptcy hearing that proved FHLMC was not the

2

purchaser of the Appellant's property, nor a creditor and did not have standing to have been granted the relief from stay in the bankruptcy proceeding. The Appellant believes that the Bankruptcy Court's August 1, 2022 Order was contradictory to what was discussed at the July 21, 2022 hearing, it was prejudicial, and a miscarriage of justice against the Appellant.

The automatic stay (11 U.S. Code § 362) is one of the fundamental protections provided for a debtor under the Bankruptcy Code. When a debtor initiates bankruptcy proceedings, an automatic stay immediately goes into effect preventing any actions against the debtor and the debtor's property. 11 USC §§ 103(a), 362(a). The automatic stay applies in all Chapters of bankruptcy. Pursuant to 11 U.S.C. § 362(a)(1), the automatic stay prohibits creditors and other parties from commencing or continuing an action against the debtor that was or could have been commenced pre-petition. Additionally, the automatic stay prevents creditors from enforcing a pre-bankruptcy judgment against the debtor or its property, i.e., "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3). By the bankruptcy court ignoring and disregarding the Appellant's unrefuted evidence, the Appellant does not believe she received any of the protections under the automatic stay that are afforded to others who file for bankruptcy, in order to receive the protection and relief from the automatic stay.

## ARGUMENT

I. **The Bankruptcy Court Erred and/or Abused Its Discretion by Granting the Relief from Stay to FHLMC Who Was Not a Party with Standing to File the Motion for Relief from Stay**

A party who has standing to be heard by the Bankruptcy Court in a matter to be decided in a bankruptcy case is the debtor, the U.S. trustee or bankruptcy administrator, the case trustee and creditors. "Standing represents a jurisdictional requirement which is open to review at all stages of the litigation." *National Organization for Woman, Inc. v.*

3

*Scheidler*, 510 U.S. 249, 114 S. Ct. 798, 802 (1994). "Standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." (*Saratoga County Chamber of Commerce, Inc. v. Pataki*, 100 NY2d 801 812 [2003], cert denied 540 US 1017 (2003).

On August 1, 2022, the Bankruptcy Court filed its Order granting FHLMC the relief from stay. The bankruptcy court's Order stands as a final Order, which appears to show FHLMC as a creditor in the bankruptcy proceeding, although the Appellant has proven with unrefuted evidence that FHLMC was not a creditor or party in interest. As stated above, in the Appellant's Opposition to the Motion for Relief from Stay, the Appellant provided unrefuted evidence that FHLMC did not have standing as a creditor to file the motion for relief from stay (see Doc. 22, **Exhibit F**). The Appellant's Exhibit F consisted of two (2) alleged sales and assignments of the Appellant's 2005 Note. The first sale and assignment was dated February 27, 2020, over seven years after the state foreclosure action was initiated, and more than two years from the date of the November 15, 2017 alleged sale of the Appellant's property. The February 27, 2020 sale and assignment of the alleged 2005 Note was from Wells Fargo Bank, N.A. (WFBNA) to FHLMC. This unrefuted sale and assignment is proof that the "Report of Sale" document attached to the motion for relief from stay (Doc. 10) was a false, deceptive and misleading document. The February 27, 2020 sale and assignment also proves it would have been a lawful impossibility for FHLMC to have purchased the Appellant's property at the alleged November 15, 2017 trustees' sale. Also, FHLMC has never provided any fact evidence in the state court, nor the bankruptcy court records' that proves FHLMC was ever a creditor, secured party or note holder with enforcement rights to the Appellant's 2005 Note and Deed of Trust.

4

The second sale and assignment is dated March 4, 2020, and states FHLMC sold and assigned the Appellant's 2005 Note to Statebridge Company, LLC. FHLMC has acquiesced to both sales and assignments by not refuting the two documents filed in the *Appellant's Opposition to the Motion for Relief from Stay, and during the July 21, 2022* bankruptcy hearing (see Transcript, Page 5, Line 12 through 25 and Page 6, Line 1 through 18). FHLMC also conceded to the Appellant's evidence that Statebridge, who claimed they were the owner of the alleged debt, filed a 1099-C canceling the alleged debt (see *Doc. 37, Exhibit B, pgs. 17-18). Since FHLMC refused to disprove the two sales and* assignments, and Statebridge's authority to file the 1099-C with the IRS, the Appellant has proven with material fact evidence that FHLMC did not have standing to file the motion *for relief from stay.*

Although the bankruptcy court judge stated in the July 21, 2022 hearing, "I believe that the arguments that have been made by Ms. McCray are arguments that should be addressed or should have been addressed in the state court...I am going to grant paper *#10, the motion for relief from stay." (See Transcript, Page 9, Line 9 through 16).* However, the language in the bankruptcy court's Order which was written by FHLMC's attorney, Mark Meyers states, "...the automatic stay...is hereby, terminated to enable the Federal Home Loan Mortgage Corporation, its successors and/or assigns, to proceed in *state court with its state law remedies to obtain possession of the real property..."* The statements in the Bankruptcy Court's Order, gives the state court and anyone who reads it the impression that FHLMC was a creditor in the bankruptcy case and entitled to be granted the relief from stay, after the Appellant proved with unrefuted evidence that they were not *entitled to be granted the relief. The Appellant believes the Bankruptcy Court's Order is* disingenuous, a miscarriage of justice and prejudicial towards the Appellant, since the Appellant's unrefuted evidence proved the alleged debt was cancelled by Statebridge in 2020.

On September 8, 2022, the Appellant filed a Line providing additional documents in support of the Motion for Relief from Judgment (Doc. 37). The additional documents consisted of a copy of the 08/24/2022 Motion to Vacate the Order Ratifying the Report of Sale filed in the state court record (see Doc. 50, pgs. 3-16), and a follow-up letter dated September 8, 2022 to Michael DeVito, Chief Executive Officer for FHLMC, requesting proof that the February 27, 2020 sale and assignment of the alleged 2005 Note was not valid (see Doc. 50, pgs. 17-20). The Appellant asserted the following in the Motion to Vacate (see Doc. 50, pg. 9, ¶2 and 3):

> "Attorney Driscoll and the Plaintiffs are all attorneys that have knowingly and intentionally filed false, misleading and deceptive documents in this foreclosure action. Also, the February 27, 2020 sale and assignment of the note (see **Exhibit B**) proves FHLMC could not have purchased the Defendant's property on November 15, 2017, as stated in the Report of Sale (Doc. 82/0) and Purchaser's Affidavit (Doc. 84/0).
>
> The February 27, 2020 sale and assignment of the note to FHLMC also proves that since the alleged substitute trustees are all attorneys and officers of the court, and the documents that they filed in the Court's record i.e., the report of sale, purchaser's affidavit, and the foreclosure bond is "fraud on the court." The Plaintiffs filed these false, misleading and deceptive documents into the Court's record, in order to maintain their standing, and for the Court to ratify the alleged 2017 sale. This Court has never given the Defendant an opportunity for an evidentiary hearing, once she refuted all of the Plaintiffs' allegations, in order for the Plaintiffs to provide genuine fact evidence of the refuted claims."

As of the writing of this appeal, neither FHLMC nor its attorneys have refuted any of the assertions in the Motion to Vacate (Doc. 50). Also, FHLMC has failed to provide any evidence that the February 27, 2020 sale and assignment of the Appellant's 2005 Note was not valid, as requested by the Appellant's in the 09/08/2022 correspondence to Mr. DeVito. In the correspondence the Appellant requested FHLMC to:

> "… prove with fact evidence that this February 27, 2020 sale and assignment is **not valid**…" "If I do not receive proof from you,

Case 1:22-cv-01884-SAG   Document 8   Filed 09/22/22   Page 10 of 15

then you have acquiesced to the fact that FHLMC does not have evidence to prove that they had the legal authority to authorize a foreclosure action in the state court in order to take my home." (See Doc. 50, pg. 18).

Further, the Appellant is requesting the Court to take **Judicial Notice** that the entire state and bankruptcy courts' records are devoid of any affidavits, declarations or any documentation from FHLMC or an officer of FHLMC that states, FHLMC purchased the Appellant's property on November 15, 2017. Nor are there any affidavits, declarations or any documentation from an officer of FHLMC that states, FHLMC is an injured party, creditor or note holder with enforcement rights to the Appellant's 2005 Note, in order to have allegedly purchase the Appellant's property with an alleged credit bid on November 15, 2017.

The Appellant is not requesting the Bankruptcy Court to overturn any of the state court's decisions, the Appellant is requesting the Bankruptcy Court to **VACATE** its August 1, 2022 Order because the Appellant's unrefuted evidence has proven that FHLMC was not a creditor with standing to have been granted the relief from stay. The Appellant believes since FHLMC was not the purchaser of the property and not a creditor with standing to file the relief from stay, she was entitled for the automatic stay to remain in place until the close of the bankruptcy proceeding.

II. **The Bankruptcy Court Erred and/or Abused Its Discretion by Granting the Relief from Stay to FHLMC after FHLMC Conceded to the Evidence Presented by the Appellant**

As stated above, in the Appellant's Opposition to the Relief from Stay, the Appellant Moved the Bankruptcy Court for an evidentiary hearing for FHLMC to "provide genuine fact evidence of their lawful right as a creditor with 100% enforcement rights to the Appellant's 2005 Note and Deed, in order to be granted the relief from stay." FHLMC

7

did not file a response/reply, nor refuted any of the assertions in the Appellant's Opposition to its motion."

Also, in the Appellant's Motion for Relief from Judgment (Doc. 37), FHLMC again did not refute the February 27, 2020 and March 4, 2020 sales and assignments asserted in the Appellant's Motion, nor did FHLMC provide any evidence that the two sales and assignments were not valid. Further as the Appellant stated above regarding the February 27, 2020 sale and assignment, "This unrefuted sale and assignment proved that the "Report of Sale" document attached to the motion for relief from stay (Doc. 10) was a false, deceptive and misleading document. The February 27, 2020 sale and assignment also proves it would have been a lawful impossibility for FHLMC to have purchased the Appellant's property at the alleged November 15, 2017 trustees' sale. Also, FHLMC has never provided any fact evidence in the state court, nor the bankruptcy court records' that proves FHLMC was ever a creditor, secured party or note holder with enforcement rights to the Appellant's 2005 Note and Deed of Trust."

FHLMC and its attorneys have also conceded to all of the assertions stated in the 08/24/2022 Motion to Vacate the Order Ratifying the Report of Sale filed in the state court record (see Doc. 50, pgs. 3-16), and the letter dated September 8, 2022 to Michael DeVito, Chief Executive Officer for FHLMC, requesting proof that the February 27, 2020 sale and assignment of the alleged 2005 Note was not valid (see Doc. 50, pgs. 17-20).

## Fraud on the Court

On June 15, 2022, FHLMC and its attorneys filed the Motion for Relief from Stay five (5) days after the Appellant filed the bankruptcy case, alleging to be entitled to be granted the relief, when they were not. FHLMC and its attorneys have failed to provide any material fact evidence that the February 27, 2020 and March 4, 2020 sale and assignments of the Appellant's alleged 2005 Note were not valid documents. FHLMC has acquiesced to both sales and assignments, and that on 05/13/2020 Statebridge Company,

8

LLC filed a "Cancellation of Debt" with the Internal Revenue Service (IRS). Also, Statebridge's Cancellation of Debt (1099-C) was filed two years before the Appellant filed the June 10, 2022 Petition for Bankruptcy (see Doc. 37, Exhibit B, pgs. 17-18). Also, the February 27, 2020 sale and assignment proves that FHLMC could not have lawfully purchased the Appellant's property on November 15, 2017. Not only did FHLMC and its attorneys bring fraud on the bankruptcy court, they also brought fraud on the state court (see Doc. 50).

In the Appellant's Motion for Relief from Judgment (Doc. 37), the Appellant moved the Bankruptcy Court to Grant the Relief sought, by "vacating the July 21, 2022 Order granting FHLMC Relief from Stay." If the Bankruptcy Court denied the Motion, the Appellant moved the Court "…for an Order stating FHLMC must prove their standing as a creditor, by providing fact evidence that the two sales and assignments are fraudulent, along with genuine fact evidence that Statebridge did not have any authority to file the 1099-C with the IRS cancelling the alleged debt. The Order will also state, FHLMC must provide said evidence within 14 days of receipt of the Court's Order." (See Doc. 37 **WHEREFORE** clause on pg. 4). Again, FHLMC did not refute the two sales and assignments, nor dispute Statebridge's 1099-C cancelling the alleged debt with the IRS in FHLMC's Opposition (see Doc. 41). In FHLMC's Opposition, FHLMC alleges to be the purchaser of the Appellant's property, which was ratified by the state court. The Appellant has newly discovered evidence that it was a lawful impossible for FHLMC to have purchased the Appellant's property at the alleged November 15, 2017 trustees' sale. Not only did FHLMC and its attorneys bring fraud on the Bankruptcy Court, they also brought fraud on the state court, as stated in the Appellant's unrefuted Motion to Vacate the Order Ratifying the Report of Sale (see Doc. 50).

The Supreme Court, in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), created the standard necessary to establish a fraud on the court claim. The

Court held that, "only the most egregious misconduct, such as bribery of a judge or members of a jury, **or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.**" Federal Rules of Civil Procedure 60 sets forth the grounds under which a judgment may be set aside, but Rule 60(d)(3) states Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. *In re Roussos*, 541 B.R. 721, 728-29 (Bankr. C.D. Cal. 2015). Further, there is no statute of limitations for a fraud on the court claim and a court may consider such a claim even if no adversarial parties are before the court. See *In re Rousso*, 541 B.R. at 729.

Fraud on the court will, most often, be found where **the fraudulent scheme defrauds the "judicial machinery" or is perpetrated by an officer of the court such that the court cannot perform its function as a neutral arbiter of justice.** *Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278 F.2d 798, 801 (2d Cir. 1960). Fraud directed at the "judicial machinery" can mean conduct that fraudulently coerces or influences the court itself or a member of the court, such that the impartial nature of the court has been compromised. See *Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983). Attorney Driscoll, who was also an attorney of FHLMC, wrote and signed both the Report of Sale and Purchaser's Affidavit that attorney Meyer filed with the Motion for Relief from Stay. Both attorney Driscoll and Meyer, as officers of the court, have a duty of honesty towards the court. See *In re Tri-Cran, Inc.*, 98 B.R. 609, 616 (Bankr. D. Mass. 1989). Where an attorney neglects that duty and obtains a judgment based on conduct that actively defrauds the court, such judgment may be attacked, and subsequently overturned, as fraud on the court. See *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976).

The United States Bankruptcy Court is a court of equity, and the clean hands doctrine states that **"courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal, or inequitable conduct**

10

in the matter with relation to which he seeks assistance." *Hlista*, 239 Md. at 48, 210 A.2d at 156; see also *Hicks v. Gilbert*, 135 Md. App. 394, 400, 762 A.2d 986, 989–90 (2000). Again, the Appellant is not requesting the Bankruptcy Court to overturn any of the state court's Orders, the Appellant is requesting the Bankruptcy Court to **VACATE** its August 1, 2022 Order since the Appellant has proven with unrefuted evidence that FHLMC and its attorneys have brought fraud on the Bankruptcy Court, in order to have been granted the relief from stay.

**CONCLUSION**

For all the reasons stated above, the Appellant is requesting this Court to **VACATE** the Bankruptcy Court's August 1, 2022 Order, Granting FHLMC the Relief from Stay and **REMAND** the case back to the Bankruptcy Court, in order for FHLMC to prove with genuine fact evidence that FHLMC had the lawful standing to have filed the Motion for Relief from Stay. Also, if FHLMC does not provide any fact evidence of their lawful standing, the Appellant is requesting the Bankruptcy Court to impose sanctions on FHLMC and its attorneys for "Fraud on the Court," since FHLMC was not a party with standing to file the Motion for Relief from Stay, nor a party entitled to have been heard by the Bankruptcy Court at the July 21, 2022 hearing.

Respectfully Submitted,

Renee L. McCray, Appellant
c/o 109 North Edgewood Street
Baltimore, MD  21229
(410) 945-2424

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing Appeal Brief was sent to the parties listed below by USPS First Class Mail on September 22, 2022.

Mark D. Meyer, Esq.
c/o Rosenberg & Associates, LLC
4340 East West Highway, Suite 600
Bethesda, MD  20814

Zvi Guttman, Trustee
P.O. Box 32308
Baltimore MD  21282

Renee L. McCray

12