IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE RENEE MCCRAY | * |
| _____ | * |
| RENEE MCCRAY | * |
| | * |
|     Appellant | * |
| | * |
| v. | *   Case No. 1:22-cv-01884-SAG |
| | * |
| FEDERAL HOME LOAN MORTGAGE | * |
| CORPORATION | * |
| | * |
|     Appellee | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS APPEAL AS MOOT

Now comes The Federal Home Loan Mortgage Corporation (hereinafter "Freddie Mac"), by and through its attorneys, Mark D. Meyer and Rosenberg & Associates, LLC, pursuant to Bankruptcy Rule 8011 and moves the Court to dismiss the appeal in this matter as moot, and in support states as follows:

1. The Appellant filed a petition pursuant to Chapter 7 of the Bankruptcy Code in the Bankruptcy Court on June 10, 2022, case no. 22-13191.  BK Case 22-13191, Dkt. No. 1.

2. On June 15, 2022, Freddie Mac filed a motion for relief from the automatic stay request relief from stay to proceed with a post foreclosure sale eviction of the real property located at 109 N. Edgewood Street, Baltimore, Maryland 21229. BK Case 22-13191, Dkt. No. 10.

3. On July 21, 2022, the Bankruptcy Court held a hearing and granted the motion with the Order Granting Relief from the Automatic Stay being entered on August 1, 2022. BK

1

Case 22-13191, Dkt. No. 25 and 34.

4. On July 28, 2022, prior to entry of the Order Granting Relief from Stay, the Appellant filed a Notice of Appeal of the Order Granting Relief from the Automatic Stay. BK Case 22-13191, Dkt. No. 27.

5. On September 20, 2022, the Bankruptcy Court granted the Appellant/Debtor a discharge under 11 U.S.C. 727. BK Case 22-13191, Dkt. No. 53. A copy of the Order of Discharge is attached hereto as Exhibit 1.

6. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Foreman v. Martin 278 B.R. 92 (*D.Md. 2002*)(*citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 146 L. Ed. 2d 265, 120 S. Ct. 1382, 1390 (2000). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." *Id.* (citing *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 78 L. Ed. 2d 58, 104 S. Ct. 373 (1983). "To survive an assertion that a claim is moot, a party must have suffered an actual injury that 'can be redressed by a favorable judicial decision.'" *Id.* (citation omitted).

7. In this case the granting of the discharge to the Appellant/Debtor in her Chapter 7 Bankruptcy case moots this appeal. By operation of 11 U.S.C. 362(c)(2(C), the automatic stay terminated upon the entry of the discharge.

8. Were the Appellant to be successful in her appeal of the Order Granting Relief from the Automatic Stay, a reversal of the Order Granting Relief would be moot as the automatic stay is now terminated and would remain terminated pursuant to 11 U.S.C. 362(c)(2)(C). Additionally, the stay has terminated as to any property of the bankruptcy estate pursuant to 11

U.S.C. 362(c)(1) as the Chapter 7 Trustee filed a report of no distribution on July 19, 2022, wherein the trustee stated that there was no property available for distribution from the bankruptcy estate.  BK Case 22-13191, Dkt. No. 24.

9. The facts and procedural posture in this appeal are identical to the case of *Brooks v. Bank of N.Y. Mellon (In re Brooks)*, where a chapter 7 discharge was entered during the pendency of the debtor's appeal of an order granting relief from stay.  2009 U.S. Dist. LEXIS 97824; 2009 WL 3379928; Civil Action No. DKC 09-1408 (D.Md. Oct. 16, 2009).  In dismissing the appeal as moot this Court found that upon entry of the discharge order:

> "Debtor could no longer avail herself of the protection of the automatic stay against Bank of New York's efforts to proceed with a foreclosure sale on the Property.  Thus, even if the bankruptcy court were found to have improperly granted Bank of New York's motion to lift the stay, any opinion on that ruling would be advisory.  *See Shadduck v. Rodolakis,* 221 B.R. 573, 579 (D.Mass. 1998).  As there is not a remedy, in whole or in part, that could redress Debtor's alleged injury, her appeal has been rendered moot."

*Id.* at *4-5.

10. Based on the above Freddie Mac submits this appeal should be dismissed as moot.

11. A separate memorandum of points and authorities is not being filed with this motion as all authorities are cited within the motion.

WHEREFORE, for the foregoing reasons, The Federal Home Loan Mortgage Corporation respectfully requests that the Court dismiss the Appellant's Appeal with prejudice and for any other relief the Court deems necessary.

Respectfully Submitted,

ROSENBERG & ASSOCIATES, LLC

/s/ Mark D. Meyer
Mark D. Meyer, #15070
4340 East West Highway, Suite 600
Bethesda, MD 20814
(301) 907-8000
Mark.meyer@rosenberg-assoc.com
*Counsel for the Appellee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent this 23rd day of September 2022 by first class mail, postage prepaid, to the following who were not served electronically:

Renee McCray
109 N. Edgewood Street
Baltimore, MD 21229

/s/ Mark D. Meyer
Mark D. Meyer