# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| Renee Louise McCray, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil Case No.: SAG-22-1884 |
| | * | |
| The Federal Home Loan Mortgage Corporation, | * | |
| | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Court has received the motion filed by Appellee The Federal Home Loan Mortgage Corporation ("Freddie Mac") to dismiss the appeal in this matter as moot.  ECF 9.  Appellant Renee McCray has filed a response, in which she does not contest that the appeal is moot, but instead asks, "if the Court dismisses the Appeal as moot, the Appellant MOVES the Court for an Order that when the Appellant overturns the state court action against FHLMC and its attorneys, the Bankruptcy Court will GRANT the opportunity to file a Motion to Vacate the Order Granting the Relief from Stay, pursuant to FRCP 60(d)(3); and the Bankruptcy Court will impose sanctions against FHLMC and its attorneys for the fraud on the court."  ECF 13 at 4.  Initially, this alternative requested relief is not within this Court's purview.  This Court cannot order the Bankruptcy Court to take specific affirmative steps.  And it would not do so in any event, because Appellant's request anticipates a contingency (the overturning of the state court action) that may or may not occur.

Returning, then, to the issue of mootness, this Court agrees with Appellee that the appeal is moot.  The issue on appeal here is the granting of a motion for relief from the automatic bankruptcy stay.  Typically, if such an appeal were successful, the remedy would be reimposition

of the automatic stay.  Here, however, the bankruptcy proceeding concluded when the Bankruptcy Court granted the Appellant a discharge under 11 U.S.C. § 727.  The automatic bankruptcy stay ended when the bankruptcy proceeding ended, and thus there can be no bankruptcy stay to reimpose.  Any opinion of this Court as to the propriety of the Bankruptcy Court's order lifting that stay, then, would be wholly advisory.  *See, e.g., Brooks v. Bank of N.Y. Mellon* (In re Brooks), Civ. No. DKC-09-1408, 2009 WL 3379928 (D. Md. Oct. 16, 2009) (citing *Shadduck v. Rodolakis*, 221 B.R. 573, 579 (D. Mass. 1998).  The appeal is therefore moot and will be dismissed by separate order.

Dated: October 24, 2022

_____/s/_____
Stephanie A. Gallagher
United States District Judge